FILED

2008 OCT 30  PM 12: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY _____

1 | LOCKE LORD BISSELL & LIDDELL LLP
2 | John M. Hochhausler (SBN 143801)
jhochhausler@lockelord.com
3 | Amber L. Harley (SBN 245060)
aharley@lockelord.com
4 | 300 South Grand Avenue, Suite 2600
5 | Los Angeles, CA  90071
Tel:   (213) 485-1500
6 | Fax:  (213) 485-1200

7

8 | Attorneys for Defendants
EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as ETS Services,
9 | LLC) and GMAC MORTGAGE, LLC (incorrectly sued herein as "GMAC
Mortgage")
10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13

14 | HECTOR ORELLANA

CASE NO. SACV08-1214 AHS (CTx)

15 |                 Plaintiff,

16 |                                          **DEFENDANTS EXECUTIVE**
**TRUSTEE SERVICES, LLC AND**
17 | vs.                                      **GMAC MORTGAGE, LLC'S**
**NOTICE OF REMOVAL**
18 | ETS SERVICES, LLC, GMAC
19 | MORTGAGE, and DOES 1-50, inclusive,     28 U.S.C. §§  1441, 1446 & 1331

20 |                 Defendants.             [Superior Court of California, County
of Orange - Central Justice Center,
21 |                                          Case No. 39-2008-00112878]

22 |                                          Complaint Filed:  October 6, 2008
23

24

25 | TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,

26 | AND TO THEIR ATTORNEYS OF RECORD:

27 | Defendants Executive Trustee Services, LLC, incorrectly named as "ETS

28 | Services, LLC," and GMAC Mortgage, LLC, incorrectly named as "GMAC

CONFORMED COPY

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Mortgage," ("Defendants") pursuant to 28 U.S.C. §§ 1441, 1446 and 1331 hereby remove this action from the Superior Court of California, County of Orange - Central Justice Center, to the United States District Court for the Central District of California, Southern Division, and state as follows:

## STATEMENT OF THE CASE

1.     On October 6, 2008, an action was commenced in the Superior Court of California, County of Orange - Central Justice Center, styled *Hector Orellana v. ETS Services, LLC, et al.*, Case No. 30-2008-00112878 (the "State Court Action").

2.     The Complaint was filed on October 6, 2008. This Notice of Removal is being filed within 30 days of the filing of the Complaint and, thus, within 30 days of the date Defendants became aware of the State Court Action. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3.     The Complaint purports to assert three causes of action, identified and/or generally alleged as follows: (1) unfair debt collection practices; (2) predatory lending practices; and (3) RICO violations.

4.     The unfair debt collection practices cause of action asserts the following statutory violations:

(a) violation of California's Rosenthal Fair Debt Collection Practices Act, including, but not limited to, California Civil Code § 1788(e) and (f);

(b) violation of the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692 *et seq.*; and

(c) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.

5.     The predatory lending practices cause of action asserts the following statutory violations:

(a) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637;

(b) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601;

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

and

        (c) violation of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58.

6.      Finally, the RICO violations cause of action asserts the following statutory violations: 18 U.S.C. §§ 1961 *et seq.*

## JURISDICTION

## FEDERAL QUESTION JURISDICTION

7.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. The Supreme Court has held that "a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Here, Plaintiff alleges direct violations of the Federal Fair Debt Collections Act, RESPA, HOEPA, TILA, the FTC Act and RICO and seeks remedies purportedly pursuant to these federal statutes. (Compl. ¶¶ 21, 24, 27-31, and at p. 7). Accordingly, the matter turns upon federal questions, and this Court has jurisdiction.

8.      Upon information and belief, no other defendants have been named or served and therefore additional consent is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action.")

9.      Accordingly, all properly served and joined defendants, excluding nominal, unknown, and fraudulently joined parties, have consented to this Notice of Removal.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1441(a) because the United States District Court for the Central District of California, Southern Division, is the federal judicial district and division embracing the Superior Court of California for the County of Orange where the State Court Action was originally filed.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

11.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action or served on Defendants are attached hereto as *Exhibit 1*.

## CONCLUSION

By this Notice of Removal and the associated attachments, Defendants do not waive any objections that they may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.  Defendants pray that the Action be removed to this Court, that all further proceedings in state court be stayed, and that Defendants receive all additional relief to which they are entitled.

Dated: October 30, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _____

John M. Hochhausler
Amber L. Harley
Attorneys for Defendants
EXECUTIVE TRUSTEE SERVICES, LLC
GMAC MORTGAGE, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

# EXHIBIT 1

10/06/2008 MON 12:27 FAX                                                    ☒002/008

Scott M. Gitlen, SBN 94596
Hotam Mobasser, Esq., SBN 251426
M.W. ROTH, P.L.C.
13245 Riverside Drive, Suite 510
Sherman Oaks, CA 91423
Telephone: (818) 989-7888
Fax: (323) 372-3547

Attorney for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 06 2008

ALAN CARLSON, Clerk of the Court

BY B. LEA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| HECTOR ORELLANA | 30-2008 |
| Plaintiff, | Case No.: 00112878 |
| vs. | COMPLAINT FOR: |
| ETS SERVICES, LLC, GMAC MORTGAGE, and DOES 1 – 50, inclusive, | 1. UNFAIR DEBT COLLECTION PRACTICES<br>2. PREDATORY LENDING PRACTICES |
| Defendants. | 3. RICO VIOLATIONS |

[Unlimited Jurisdiction] JUDGE DAVID R. CHAFFEE
DEPT. C17

**BY FAX**

GENERAL ALLEGATIONS

AS TO ALL CAUSES OF ACTION

(AS TO ALL NAMED DEFENDANTS)

1. Plaintiff, HECTOR ORELLANA, is a natural person.

///
///
///

-1-

COMPLAINT

11416103.tif – 10/6/2008 9:20:05 AM

Exhibit __1__, Pg. __5__

2. Defendant, ETS SERVICES, LLC, is a business entity whose form is unknown to Plaintiff, that is the Trustee named in Exhibit 1, and Defendant, GMAC MORTGAGE, is the natural person or business entity whose form is unknown to Plaintiff, that has directed and is directing said Trustee to proceed under a power of sale to foreclose.

3. Attached to the complaint as Exhibit 1 is a certain Notice of Sale, which has been issued by Defendant, ETS SERVICES, LLC at the instance of Defendant, GMAC MORTGAGE.

4. Does 1 – 50 persons or entities that are unknown to Plaintiff. Their capacities are unknown. Plaintiff alleges that they are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendants, ETS SERVICES, LLC, GMAC MORTGAGE, and Does 1 – 50 are proceeding toward a Trustee's sale of the real property commonly known as 904 South Dennis Street, Santa Ana, CA 92704, the same property identified in Exhibit 1, ostensibly to collect the unpaid balance on the note secured by the security instrument that is identified in Exhibit 1, [hereinafter the "Security Instrument"].

6. Plaintiff is the owner in fee of the real property identified as 904 South Dennis Street, Santa Ana, CA 92704.

7. Upon information and belief, GMAC MORTGAGE is not the holder of the note identified in the Security Instrument that is identified in Exhibit 1, is not in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the Security Instrument identified in Exhibit 1.

8. Defendant GMAC MORTGAGE has no present right to initiate foreclosure under the Security Instrument identified in the Notice of Sale attached as Exhibit 1, nor does it have the right to direct ETS SERVICES, LLC to foreclose and sell the subject real property owned by Plaintiff. Defendant ETS SERVICES, LLC has been put on notice of Plaintiff's claim in this regard and demand has been made of ETS SERVICES, LLC to suspend any foreclosure sale unless and until it has obtained proof that GMAC MORTGAGE actually has in its possession the original note properly endorsed to it

-2-

COMPLAINT

11416103.tif - 10/5/2008 9:20:05 AM

Exhibit _1_ , Pg. _6_

1  or assigned to it as of a date preceding the notice of default recorded by ETS SERVICES, LLC.

2  Defendant ETS SERVICES, LLC has failed and refused to suspend the sale of the property or to provide

3  proof of the basis of the right of GMAC MORTGAGE to initiate foreclosure under the Security

4  Instrument referred to in Exhibit 1.

5      9. Plaintiff alleges that the Defendants and each of them, in so acting in this case and with

6  respect to many other mortgage or trust deed security instruments engage in a pattern and practice of

7  utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do

8  not, in fact, have the right to do so, knowing that the property owners affected do not have the

9  knowledge and means to contest the right of said Defendants to do so.

10      10. Plaintiff, through Plaintiff's attorney demanded proof of the Defendants' and each of them

11  of their right to proceed in foreclosure in writing. No such proof or its equivalent has been offered.

12      11. Plaintiff, through Plaintiff's attorney demanded further a detailed accounting of how the

13  stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that

14  Plaintiff could adequately evaluate Plaintiffs rights under the law with Plaintiff's presale right of

15  redemption. See Exhibit 2, incorporated herein by reference. The response, if any, of Defendants, and

16  each of them, has been so inadequate so as to prevent Plaintiffs from determining whether any or all of

17  the charges included in their payoff demand were justified, appropriate and proper under the terms of

18  obligation evidenced by the negotiable instrument secured by the Security Instrument identified in

19  Exhibit 1.

20      12. The real property owned by Plaintiff that is identified in Exhibit 1 is unique. Therefore,

21  should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which

22  there is no adequate remedy in law when Defendants proceed to sell the subject property at foreclosure

23  sale.

24  ///

25  ///

26  ///

27  ///

28

-3-

COMPLAINT

Exhibit _1_ , Pg. _7_

13. In all of the wrongful acts alleged in this complaint, the Defendants and each of them have utilized the United States mail in furtherance of their conspiracy to both unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and, assuming *arguendo* that they do have the right to proceed to foreclose under the note, to profit from those actions in amounts greater than their rights under the note to do so.

14. Defendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity.

15. As a result thereof, Plaintiff has been damaged in having to hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property, and has had to and will have to incur attorneys fees to stop the wrongful acts of the Defendants and each of them. Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

16. In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the Security Instrument that is indentified in Exhibit 1 to this Complaint.

17. The true facts were that none of the Defendants were in possession of the note and none of the Defendants were either holders of the note or non-holders of the note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3301, 3309, and therefore the Defendants and each of them were proceeding to foreclose non-judicially without right under the law. Further, the Defendants and each of them added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

18. The Defendants and each of them, misrepresented the facts that they had the right to enforce the note and foreclose on Plaintiff's property when in fact they did not have those lawful rights intending to either force Plaintiff to pay large sums of money to Defendants and each of them to which they were not entitled under the law, or to abandon Plaintiffs property to foreclosure sale.

///

///

-4-

**COMPLAINT**

**Exhibit** _1_, **Pg.** _8_

# FIRST CAUSE OF ACTION
## UNFAIR DEBT COLLECTION PRACTICES
### (AS TO ALL NAMED DEFENDANTS)

19.  Plaintiff realleges paragraphs 1 - 18 of the General Allegations as if fully set forth herein.

20.  Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in the taking of the actions aforementioned, have acted as a debt collector as those terms are defined under, but not limited to, California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788.2, and the Federal Fair Debt Collections Act, 15 U.S.C. § 1692a.

21.  Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in the taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788.10 (e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## SECOND CAUSE OF ACTION
### PREDATORY LENDING PRACTICES
### (AS TO ALL NAMED DEFENDANTS)

22.  Plaintiff realleges paragraphs 1 - 18 of the General Allegations and paragraphs 19 - 21 of the First Cause of Action as if fully set forth herein.

23.  Assuming *arguendo* that Defendant, GMAC MORTGAGE does have the right under the law of negotiable instruments in this State, by endorsement, assignment, agency or otherwise, to receive payment under a valid note, payment of which is secured by the Security Instrument that is identified in Exhibit 1, and to initiate foreclosure under a power of sale contained therein, if any, then Defendant, GMAC MORTGAGE is subject to defenses that would have been available against Greenpoint Mortgage Funding, Inc., the initial Lender identified in the Security Instrument that is referred to in Exhibit 1.

24.  Plaintiff is informed and believes and thereupon alleges that Greenpoint Mortgage Funding, Inc., the initial Lender, has engaged in deceptive practices with respect to Plaintiff in violation of the

-5-

**COMPLAINT**

Exhibit _1_, Pg. _9_

Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act

("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to

discovery and with respect to which the specifics will be alleged by amendment to this complaint when

ascertained.

25. One or more of the predatory lending practices referred to in the previous paragraph permits,

under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to

this complaint when ascertained.

### THIRD CAUSE OF ACTION

### RICO VIOLATIONS

### (AS TO ALL NAMED DEFENDANTS)

26. Plaintiff realleges paragraphs 1 - 18 of the General Allegations, paragraphs 19 - 21 of the

First Cause of Action and paragraphs 22 - 25 of the Second Cause of Action, as if fully set forth herein.

27. In doing the aforesaid acts, Defendants and each of them were participating in and have

participated in a scheme of racketeering as that term is defined in the Federal Racketeer Influenced and

Corrupt Organizations ("RICO"), 18 U.S.C §§ 1961 et seq, and in so doing, have violated federal law.

28. Plaintiff alleges that Defendants and each of them have violated RICO, including but not

limited to 18 U.S.C. §§ 1962 (b) and (d) through attempts to collect unlawful debts.

29. Plaintiff alleges that Defendants and each of them have violated RICO, including but not

limited to 18 U.S.C. §§ 1961 (a)(1), relating to mail fraud as defined in 18 U.S.C. § 1341.

30. Plaintiff alleges that Defendants and each of them have violated RICO, including but not

limited to 18 U.S.C. §§ 1961 (a)(1), relating to prohibited interference with commerce, robbery, or

extortion, as defined under 18 U.S.C. § 1951.

31. Plaintiff alleges that Defendants and each of them have violated RICO, including but not

limited to 18 U.S.C. §§ 1961 (a)(1), relating to fraud in the sale of securities.

32. Plaintiff is further informed and believes, and based thereon alleges, that Defendants and

each of them are engaged in a pattern and practice to obtain title of property without compliance and in

-6-

COMPLAINT

Exhibit _1_, Pg. _10_

1  violation of Article 3 of the California Commercial Code and in fact attempt to circumvent perfecting
2  negotiable instruments as mandated under applicable law. In doing things herein alleged, Defendants
3  are engaged in criminal activity to obtain title to subject property.
4        33. Plaintiff is therefore entitled to the remedies available under RICO in civil actions.
5
6        WHEREFORE, Plaintiff prays that:
7        1.  Defendants, ETS SERVICES, LLC, GMAC MORTGAGE, and Does 1 - 50 and each of
8  them, be prohibited from conducting any sale of the subject real property pending the outcome of this
9  case;
10        2.  Defendants, ETS SERVICES, LLC, GMAC MORTGAGE, and Does  1 – 50, and each of
11  them, be permanently enjoined from any and all attempts to foreclose on the subject real property unless
12  and until it can present proof that it is entitled, under the law of negotiable instruments in force in
13  California under Civil Code §§ 3301 and 3309, to enforce the underlying promissory note described in
14  the Security Instrument that is indentified in Exhibit 1;
15        3.  That Plaintiff be awarded monetary damages against the Defendants, ETS SERVICES,
16  LLC, GMAC MORTGAGE, and each of them, jointly and severally, that Plaintiff incurred due to the
17  need to bring this action for injunctive relief according to proof,
18        4.  That Plaintiff be awarded statutory damages for Unfair Debt Collection practices under the
19  federal and California statutes;
20        5.  That attorneys fees be awarded Plaintiff as may be permitted by law;
21        6.  That Plaintiff be awarded treble damages as permitted by law,
22        7.  That prejudgment interest be awarded Plaintiff as permitted by law;
23        8.  For such other and further equitable relief, declaratory relief and legal damages as may be
24  permitted by law and as the court may consider just and proper.
25
26
27  Dated: October 5, 2008
28                                        Homan Mobasser, Esq.
                                          Attorney for Plaintiff

                                          -7-
                                    **COMPLAINT**

Exhibit __/__, Pg. _//_

# EXHIBIT
1

Exhibit _1_, Pg. _12_

9/11/08 Postponed 10/7/08 @ 2:00 PM

Lenders Advantage B

FIRST AMERICAN TITLE COMPANY

RECORDING REQUESTED BY
ETS Services, LLC

AND WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||  6.00
2008000232120 10:13am 05/15/08

104 28 N34 1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

T.S. No.: GM-132067-C
Loan No: 0389310027
3618530

SPACE ABOVE THIS LINE FOR RECORDER'S Use

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 3/28/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:HECTOR ORELLANA, A SINGLE MAN
Recorded 4/2/2007 as Instrument No. 2007000207275 in Book , page  of
Official Records in the office of the Recorder of Orange County, California,
Date of Sale:9/11/2008 at 2:00 PM
Place of Sale:    At the North front entrance to the County Courthouse, 700 Civic Center Drive
West, Santa Ana, California
Property Address is purported to        824 S DENNIS ST
be:                                     SANTA ANA, California 92704-0000
APN #:  106-253-16

The total amount secured by said instrument as of the time of initial publication of this notice is $376,936.51, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Date: 8/14/2008

ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
Sale Line: 714-259-7850

Christine Gomez-Schwab, TRUSTEE SALE OFFICER

# EXHIBIT
# 2

**EXHIBIT 2**

Exhibit _1_, Pg. _14_

# MW Roth, PLC

*A Professional Law Corporation*

13246 Riverside Drive, Ste. 320
Sherman Oaks, CA 91423

Office 818.989.7888

facsimile 323.372.3547
www.mwroth.com

Mitchell Roth
John Dale Kerr
Kristine Takvoryan
Catalina L. Manzano
Homan Mobasser
Edward Jacobs II

October 2, 2008

Maricela Garcia
Trustee Sale Officer
Executive Trustee Services, LLC
2255 North Ontario, Suite 400
Burbank, CA 91504-3120

> Re: Trustee Sale No: GM-132067-C
> Loan No: 0359510027
> Property Address: 904 South Dennis Street, Santa Ana, California 92704
> Our File Number: 1017/1106

Dear Maricela Garcia:

**Read this letter carefully. Failing to take appropriate action may result in EXECUTIVE
TRUSTEE SERVICES, LLC, and the persons or entities initiating the above referenced
foreclosure sale, being named as a Defendant in a RICO[1] action. EXECUTIVE TRUSTEE
SERVICES, LLC will not be able to avoid liability or the need to interpose a defense of
such an action by a declaration of non-monetary interest.**

Let me explain.

I am the attorney for Hector Orellana, the owner of the property. We have no information and
documentation that the entity or person that initiated the foreclosure through your offices is
entitled to do so.

---

[1] RICO is the acronym for the federal Racketeer Influenced and Corrupt Organizations Act, 18
U.S.C. §1961 *et seq.* which, in part, states, "It shall be unlawful for any person who has received
any income derived, directly or indirectly, from a pattern of racketeering activity or through
collection of an unlawful debt in which such person has participated as a principal within the
meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part
of such income, or the proceeds of such income, in acquisition of any interest in, or the
establishment or operation of, any enterprise which is engaged in, or the activities of which
affect, interstate or foreign commerce."

Exhibit  *1*, Pg. *15*

Maricela Garcia
Executive Trustee Services, LLC
October 2, 2008
Page 2

The right to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary to payment under the note, and that depends upon the Beneficiary being able to document its full entitlement to do so under Article 3 of the California Commercial Code §§ 3301, 3309. The law is well settled. Enforcement of a note which is a negotiable instrument, by foreclosure or otherwise, requires that the party seeking payment be in possession of the original note.

California Law is well established that a deed of trust or mortgage by itself is ineffective to allow foreclosure. A promissory note is personal property and the deed of trust or mortgage securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. Civ. Code §§ 657, 663. *Kirby v. Palos Verdes Escrow Co.* (1986) 183 Cal. App. 3d 57, 62. Likewise, transfers of the note and mortgage fundamentally flow back to the note. "The assignment of a mortgage without a valid transfer of the indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer." *Hyde v. Mangan* (1891) 88 Cal. 319; *Johnson v. Razy* (1919) 181 Cal. 342; *Bowman v. Sears* (1923) 63 CA 235; *Treat v. Burns* (1932) 216 Cal. 216.

The right, therefore, to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary (the initiating party) to payment under the note, and that right depends upon the rights of the Beneficiary under Commercial Code §§ 3301, 3309, which govern the right to payment under a negotiable instrument.

The enforceability of a negotiable instrument arises only from various attributes of possession of the underlying instrument. Even where an instrument has been transferred, enforceability is still determined based upon possession. There are only three (3) instances, all arising from possession, which allow a person or entity to enforce a negotiable instrument.

California Commercial Code § 3301 limits instrument enforcement to the following:

> "Person entitled to enforce" an instrument means (a) the **holder** of the instrument, (b) a nonholder <u>in possession</u> of the instrument who has the rights of a holder, or (c) a person **not in possession** of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. <u>A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.</u> (Emphasis added)"

The last sentence of 3301 explains why possession of the instrument is a necessary prerequisite to enforcement of the note. The Lender is the one that chooses to evidence the debt in the form of a negotiable instrument for purposes of liquidity. The Lender and those who would assert a right to payment of the debt can hardly be heard, therefore, to complain that the law requires the actual possession of the original note before being able to enforce the note. The attempt to enforce a note by those that are not in actual possession of the instrument results in the unlawful collection a debt.

MW Roth, PLC

Exhibit __1__, Pg. __14__

Maricela Garcia
Executive Trustee Services, LLC
October 2, 2008
Page 3

Any right to initiate foreclosure of the security interest created by the Trust Deed recorded on 03/26/2007 as Instrument No. 2007000207276 in the official records in the Office of the County Recorder for Orange County depends upon the actual possession of the original note by the party initiating the foreclosure and for whose benefit it is being initiated. As a Trustee and a debt collector, you participate in collection at the risk that your principal may not, in fact, be in possession of the original note properly and timely endorsed or assigned to it. If your principal is not, and you, motivated by profit, proceed because of a lack of adequate due diligence under the assumption that it is entitled to payment under the note, and if we can show that this is a pattern of activity, you are, in our view, guilty of violating RICO and liable for treble damages and attorney's fees under RICO's provisions for a private (civil law) remedy.

An April 30, 2008 article in the Wall Street Journal reported only the latest example of the abuse by many substantial institutions in the mortgage industry. "The sanctions against Wells Fargo ($250,000) arose from the case of a homeowner who filed for bankruptcy protection in 2002. The company that handled her mortgage payments incorrectly characterized itself as the legal holder of the mortgage, which entitled it to seek relief as a creditor."

With the current state of the mortgage industry in general, and sub-prime loans like this one in particular, we know that loans have been packaged and securitized. Many of the originating lenders have gone out of business entirely and/or their portfolios have been purchased at fire sale prices. Many of the underlying original notes have been lost or misplaced and many foreclosures throughout the country are proceeding without the legal right that stems from the proper transfer of the debt, including the proper transfer of the original note.

This firm and other consumer protection lawyers have been filing suit against those that would take unfair advantage of homeowners that are stressed and uninformed of the details and technicalities of the law by pursuing foreclosure without having possession of the original note, or by overcharging for costs of collection, or both.

If you proceed to foreclose without proper proof of entitlement, and the party for whom you are acting is not entitled to payment under the strict requirements of the Commercial Code, you are assisting in fraudulent activity. A claim of ignorance will not be an adequate defense. Therefore, you are best advised to insist upon proper proof before proceeding further. Besides RICO, you actions may prove to be a violation of federal and state laws collection laws, too.

According to my client, the initial lender and holder of the note was AURORA MORTGAGE . We have reason to expect that the note has been sold off and that it is no longer owned by AURORA MORTGAGE .

Please confirm to me in writing the identity of the person or entity that initiated these foreclosure proceedings, including names and addresses, and indicate how that person or entity came to possess the right to payment under the note. Also, please confirm that this person or entity is in

MW Roth, PLC

Maricela Garcia
Executive Trustee Services, LLC
October 2, 2008
Page 4

actual possession of the original note properly endorsed to it so that upon payment of the amount due under the note it can be properly surrendered. Again, enforcement of payment on a negotiable instrument through exercising rights under a security instrument requires, with very few exceptions, actual possession of the original note by the person entitled under the note to payment.

I suggest to you two options.

    (1)  Provide confirmation to me, on behalf of my client, that you are suspending the foreclosure process until you give me further notice of at least 21 days, or

    (2)  Produce to me proof that your customer is and was in actual possession of the original note properly endorsed or assigned to it prior to the recording of the notice default.

Failure to do one or the other will result in the filing of a lawsuit against EXECUTIVE TRUSTEE SERVICES, LLC and its customer pursuing an injunction, treble damages and attorney's fees, under RICO and under other available theories.

By proof I mean, at least, a declaration under penalty of perjury from a person in authority for the beneficial owner and holder of the note. The declaration must authenticate by attachment a true and correct copy of the original note and state that the original is in his or her possession. And, the declaration must attach any supporting documentation showing either the proper endorsement or written assignment of the note, or other documentation establishing the facts that are claimed to be the basis of the entity's claimed right to payment under the note.

**Please forward a copy of this letter to the person or entity that is directing you to proceed in this matter. If you are unwilling or unable to do so, please notify me immediately in writing with the necessary information so that I can attempt to do so myself. If you do not send me the necessary information about your customer in writing, I will take that as confirmation that you forwarded a copy of the letter.**

If you would prefer further communication on this matter to be directed to an attorney or legal department for your company, please let me know by return fax or e-mail, including the attorney's name, address and phone number.

Finally, let this letter serve as my client's demand under RESPA and other applicable laws for a detailed accounting of all charges which constitute the pay off demand for the note.

Very truly yours,

Homan Mobasser, Esq.

HM:jb

MW Roth, PLC

Exhibit __1__, Pg. __18__

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Alicemarie H. Stotler and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## SACV08- 1214 AHS (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

HECTOR ORELLANA

**DEFENDANTS**

EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as ETS SERVICES, LLC), GMAC MORTGAGE, LLC (incorrectly sued herein as GMAC MORTGAGE), and DOES 1-50, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Scott M. Gitlen, Esq.
Homan Mobasser, Esq.
M. W. ROTH, P.L.C.
13245 Riverside Drive, Suite 510
Sherman Oaks, California 91423
Tel: (818) 989-7888; Fax: (323) 372-3547

Attorneys (If Known)

John M. Hochhausler, Esq.
Amber L. Harley, Esq.
LOCKE LORD BISSELL & LIDDELL LLP
300 South Grand Avenue, 26th Floor
Los Angeles, California 90071
Tel: (213) 485-1500; Fax (213) 485-1200

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC §§ 1692 et al.; 12 USC §§ 2601-2617; 15 USC § 1637; 15 USC § 1601; 15 USC §§ 41-58; 18 USC §§ 1961 et al.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL ROPERTY | PRISONER ETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | | ☐ 730 Labor/Mgmt. |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 380 Other Personal Property Damage | ☐ 530 General | Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV08-1214

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CONFORMED COPY

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2


American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
       ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Executive Trustee Services (Florida)<br>GMAC Mortgage, LLC (Texas) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_      Date October 30, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com